## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-302-PRW |
| | ) | |
| KEVIN STITT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On February 17, 2023, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation (Dkt. 16) recommending the dismissal of Plaintiff Ezekiel Davis's case for failure to pay an initial partial filing fee. On March 1, 2023, Mr. Davis filed a Motion for an Extension of Time (Dkt. 17), requesting an extension of time to pay the fee, which the Court also construes as an objection to the Report and Recommendation. For the reasons given below, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** Mr. Davis's case without prejudice.

### Discussion

Mr. Davis filed his Complaint (Dkt. 1) against forty-eight defendants on April 7, 2022, alleging violations of his First, Eighth, and Fourteenth Amendment rights under the United States Constitution. The case was referred to Magistrate Judge Suzanne Mitchell for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). On January 18, 2023, the Court granted Mr. Davis leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and ordered him to pay an initial partial filing fee of $5.50 by February 8, 2023. The Court

1

warned Mr. Davis that if he failed to timely pay the initial fee or to show cause for his failure to pay, this action would be subject to dismissal without prejudice.

The Clerk of Court mailed the Court's Order to Mr. Davis's last known address at the Lawton Correctional Facility,[1] but on January 26, 2023, it was returned to the Court as undeliverable. A Lawton Correctional Facility employee had written a new address on the returned envelope indicating that Mr. Davis was at the Northfork Correctional Center in Sayre, Oklahoma. Mr. Davis had not filed a change-of-address notice with the Court as required by this Court's Local Rules.[2]

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." This rule "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[3] Indeed, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[4] And though Mr. Davis appears *pro se*, he is "[held] . . . to the same rules of procedure as other litigants."[5]

---

[1] Dkt. 15, Att. 1.

[2] *See* LCvR5.4(a) (requiring a *pro se* litigant to notify the Court of any change of address).

[3] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[4] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

[5] *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007).

In Mr. Davis's motion, he claims that he could not comply with the Court's Order because he did not receive it until February 13, 2023. But Mr. Davis had an obligation under the Local Rules to notify the Court of any change of address, which he failed to do. And despite having received the Court's Order on February 13, 2023, Mr. Davis has yet to pay the initial filing fee. The Court thus agrees with Magistrate Judge Mitchell's recommendation that this action should be dismissed without prejudice.

### Conclusion

For the foregoing reasons, and "to manage [the Court's] affairs so as to achieve the orderly and expeditious disposition of cases,"[6] the Court **ADOPTS** the Report and Recommendation and **DISMISSES** Mr. Davis's case without prejudice. Accordingly, the Court **DENIES AS MOOT** all pending motions in the case.

**IT IS SO ORDERED** this 22nd day of March 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[6] *United States ex rel. Jimenez*, 400 F.3d at 855 (quoting *Link*, 370 U.S. at 630–31).

3